UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| **FRIEDRICH LU,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 16-12220-FDS |
| | ) | |
| **IESHA NILES,** | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTIONS TO
AMEND THE COMPLAINT AND DEFENDANT'S MOTIONS FOR
JUDGMENT ON THE PLEADINGS AND FOR INJUNCTIVE RELIEF

**SAYLOR, J.**

This is a civil rights action. Plaintiff Friedrich Lu brought this action against defendant Iesha Niles, an employee at a homeless shelter where Lu was staying. The complaint alleges a claim under 42 U.S.C. § 1983 for violations of Lu's rights under the Fourth and Fourteenth Amendments.

Pending before the Court are four motions: Niles has moved both for judgment on the pleadings and for injunctive relief enjoining Lu from commencing other lawsuits against the Boston Public Health Commission and its employees, as well as other state and local government agencies and their employees, unless specifically authorized in advance. Lu has filed two motions to amend the complaint.

For the following reasons, the motion for judgment on the pleadings will be granted. All other motions will be denied.

I.      **Background**

     A.     **Factual Background**

Unless otherwise noted, the facts are set forth as alleged in the complaint.

Plaintiff Friedrich Lu is homeless. On November 1, 2016, he was staying at a city-run homeless shelter located at 112 Southampton Street in Boston, Massachusetts. Defendant Iesha Niles is a "fill-in staffer" at the shelter and was on duty during Lu's November 1 stay. (Answer at 2). She is employed by the Boston Public Health Commission ("BPHC"). (*Id.* at 1).

While at the shelter, Lu asked a third party, named in the complaint as "D," to hold some of his belongings. Another person, "Z," stole Lu's property while it was in D's custody. Apparently after Lu demanded its return, Niles, D, and another person "asserted" that the property belonged to Z. At some point, Z returned the property, but allegedly kept a ten-dollar bill that belonged to Lu.

Niles asked Lu to leave the shelter. He appealed that request to the evening supervisor on duty at the shelter, but that person also required Lu to leave.

The following day, on November 2, 2016, Lu filed the complaint in this action. He is proceeding *pro se*.

     B.     **Procedural Background**

Lu is an experienced litigant. A non-exhaustive search of filings in the United States District Court for the District of Massachusetts reveals that Lu has brought no fewer than twenty cases against various public and private parties over a period of more than twenty years.[1]

---

[1] For convenience, the cases brought by plaintiff in this district are listed here by docket number only: 95-cv-12041-GAO; 97-cv-12323-GAO; 98-cv-10494; 99-cv-12448-REK; 00-cv-12465-RWZ; 00-cv-11492-MLW; 00-cv-10614-EFH; 01-cv-10078-RWZ; 02-cv-11860-RCL; 12-cv-10326-WGY; 12-cv-11117-MLW; 14-cv-13053-LTS; 15-cv-10088-ABD; 15-cv-10615-PBS; 15-cv-10920-LTS; 15-cv-13344-PBS; 15-cv-11558-GAO; 15-cv-13349-GAO; 15-cv-13576-IT; 15-cv-14081-DJC; 17-cv-10518-PBS.

Relevant to this action, on July 25, 2000, Lu filed a complaint against the Harvard School of Dental Medicine and others alleging claims under the False Claims Act, 31 U.S.C. §§ 3729–3733.  None of the allegations or claims pleaded in that action are repeated here.  On March 29, 2002, the court issued a memorandum and order dismissing the case with prejudice and issuing an injunction prohibiting Lu from filing future claims that arise from or relate to the claims made in that case, and further requiring Lu to "attach to any pleading, motion, complaint, or other document that he files in the United States District Court for the District of Massachusetts:  (1) a copy of this Order, and (2) a certification, signed under the pains and penalties of perjury, that he has complied in good faith with this Order"  ("March 2002 Order").  *Lu v. Harvard University et al.*, Memorandum and Order, 00-cv-11492-MLW (Mar. 29, 2002) (Wolf, J.).

In violation of that order, Lu did not file a certification or a copy of the March 2002 Order when he filed this action on November 2, 2016.

On May 26, 2017, Niles filed a motion for judgment on the pleadings and a motion for injunctive relief, seeking a permanent injunction enjoining Lu from commencing other lawsuits against the BPHC and its employees, as well as other state and local government agencies and their employees, unless specifically authorized by this Court in advance.

Lu has not filed any response to those motions.  Instead, he has filed two motions to amend the complaint.

## II.     Defendant's Motion for Judgment on the Pleadings

First, defendant moves for judgment on the pleadings.  She contends that the complaint fails to state a claim upon which relief can be granted.

### A.     Standard of Review

A Rule 12(c) motion for judgment on the pleadings "is treated much like a Rule 12(b)(6)

3

motion to dismiss." *Perez–Acevedo v. Rivero–Cubano*, 520 F.3d 26, 29 (1st Cir. 2008). It differs from a Rule 12(b)(6) motion primarily because it is filed after the close of pleadings and "implicates the pleadings as a whole." *Aponte–Torres v. University of P.R.*, 445 F.3d 50, 55 (1st Cir. 2006). To survive a motion for judgment on the pleadings, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Because a Rule 12(c) motion "calls for an assessment of the merits of the case at an embryonic stage, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom to the nonmovant's [benefit]." *R.G. Fin. Corp. v. Vergara–Nunez*, 446 F.3d 178, 182 (1st Cir. 2006). There is no resolution of contested facts in connection with a Rule 12(c) motion; a court may enter judgment on the pleadings only if the properly considered facts conclusively establish the movant's position. *Rivera–Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir. 1988).

    **B.**    <u>**Analysis**</u>

As an initial matter, under Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails . . . to comply with . . . a court order, a defendant may move to dismiss [an] action or any claim against it." Lu violated the March 2002 Order by failing to attach a copy of that order and a certification stating that he has complied with it when he filed the complaint in this action. This is not Lu's first violation of the March 2002 Order. He has been warned on multiple occasions that continued failure to comply with the March 2002 Order could result in sanctions. In 2015 in *Lu v. Menino*, the court found that Lu had failed to comply with the March 2002 Order in that case and earlier

4

cases. 98 F. Supp. 3d 85, 107 (2015) (Sorokin, J.) (finding that Lu had failed to comply with March 2002 Order in at least two prior cases). In one case, Lu was fined $500 for failing to comply. *Id.* In *Lu v. Menino*, the court declined to impose monetary sanctions but warned that "[i]n the event plaintiff continues to violate the March 2002 Order by filing a complaint in this district without attaching the March 2002 Order and without complying with the certification requirement, he is advised that such conduct may result in a sanction, including a monetary sanction or a stricter bar to filing cases in this district." *Id.* at 109. In light of Lu's continued recalcitrance in the face of multiple warnings, defendant would have a strong argument that the "harsh sanction" of dismissal under Rule 41(b) should be imposed in this case. *Malot v. Dorado Beach Cottages Assocs.*, 478 F.3d 40, 44 (1st Cir. 2007).

However, defendant has not moved to dismiss the action under Fed. R. Civ. P. 41(b).[2] Instead, she contends that the complaint fails to allege a plausible claim upon which relief can be granted. Taking defendant's lead, the court turns to the complaint.

To succeed on a claim under 42 U.S.C. § 1983, a plaintiff must prove that (1) the conduct complained of was carried out under color of state law and (2) defendant's actions deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Collins v. Nuzzo*, 244 F.3d 246, 250 (1st. Cir. 2001).

The complaint does not identify defendant's relationship to the homeless shelter. It merely states that she was present at the time of the incident. However, the answer makes clear that defendant is a BPHC employee and was acting in her capacity as such at the time of the incident. Accordingly, the pleadings, taken as a whole, plausibly allege that defendant was

---

[2] Although the Court may act on its own initiative to dismiss an action under Fed. R. Civ. P. 41(b), it will not do so here. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (finding that a court may act *sua sponte* in dismissing an action for lack of prosecution under Rule 41(b)).

5

acting under color of state law at the time of the incident.

However, the complaint fails to allege a plausible claim that defendant violated Lu's constitutional rights. It alleges that a third party, not defendant, stole property from Lu. Therefore, the complaint does not allege that defendant, as opposed to some other party, deprived Lu of property without due process.

Insofar as the complaint alleges that defendant should be liable for failing to protect Lu from having his property stolen, it fails to state a claim upon which relief can be granted. Subject to exceptions not relevant here, the government generally does not have a duty to protect citizens from harms inflicted by private individuals. *See DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989) ("nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors"). Defendant is a public health commission employee. Even liberally construed, the complaint alleges that she was no more than a bystander at the time that Lu's property was stolen. The Constitution did not impose a duty on her to ensure that his property was safe from theft. Therefore the complaint fails to state a claim that defendant violated Lu's constitutional rights. Accordingly, the motion for judgment on the pleadings will be granted.

## II.     Defendant's Motion for Injunctive Relief

Next, defendant has filed a motion for "a permanent injunction enjoining Plaintiff from commencing other lawsuits against the [BPHC] and its employees, other state and local government agencies and their employees, unless specifically authorized by this Court in advance."

### A. Standard of Review

Courts have discretion to grant injunctive relief for the purpose of "regulat[ing] the conduct of abusive litigants." *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 34 (1st Cir. 1993). "Where a litigant has demonstrated a 'propensity to file repeated suits . . . involving the same or similar claims' of a 'frivolous or vexatious nature,' a bar on further filings is appropriate." *Cowhig v. West*, 181 F.3d 79 (1st Cir. 1999). However, imposing restrictions on the ability of an abusive litigant to file suit is "very much the exception to the general rule of free access to the courts." *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980). "[L]itigiousness alone will not support an injunction against a plaintiff." *Id*. When imposed, injunctive relief should not be "couched in overly broad terms" and instead "must be tailored to the specific circumstances presented." *Cok v. Family Court of Rhode Island*, 985 F.2d at 34 (quoting *Castro v. United States*, 775 F.2d 399, 410 (1st Cir. 1985) *abrogated on other grounds by Stevens v. Dep't of Treasury*, 500 U.S. 1 (1991)).

### B. Analysis

The relief that defendant seeks is overbroad. Her motion seeks a blanket injunction preventing Lu from filing any suits, on any subject matter, against BPHC, any BPHC employee, or *any* public agency or public employee in Massachusetts. She has identified two cases filed against public entities or public employees which she purports demonstrate a "pattern of previous litigation" that justify the requested relief. An injunction effectively barring Lu from accessing the courts to redress any government wrong is not justified by that filing record and would plainly not be "tailored to the specific circumstances presented." *Id.*

Whether a prohibition on further filings specifically against BPHC and its employees is warranted is a closer question. This Court has identified twenty cases filed in this district by Lu.

Of those, only two were brought against BPHC.  *Lu v. Menino et al.*, 14-cv-13053-LTS (D. Mass. Jul. 18, 2014); *Lu v. Walsh et al.*, 15-cv-10920-LTS (D. Mass. Mar. 16, 2015).[3]  Those cases were filed over a period of multiple years, and concerned different subject matters from the present action.  The issues raised in this case "are not identical [to] and do not substantially duplicate the allegations" in other cases brought by plaintiff.  *Lu v. Menino*, 98 F. Supp. 3d 85, 109 (D. Mass. 2015); *see also Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980) (finding that injunctive relief is not warranted where a plaintiff was not "attempting to reopen closed cases").  The filing of three substantively distinct cases over multiple years is likewise insufficient to infer that Lu has filed complaints solely for the purpose of harassing BPHC or its employees.  *Pavilonis v. King*, 626 F.2d at 1078.  Although Lu's filing record certainly qualifies him as litigious, defendant has not provided sufficient evidence that it justifies a permanent injunction preventing him from filing suit against BPHC or its employees for any reason.  The Court does not address the question whether a more narrowly tailored form of relief would be appropriate.

Accordingly, the motion for injunctive relief will be denied.

## IV.     Lu's Motions to Amend the Complaint

Lu has filed two motions to amend the complaint. The first and second motions are identical except for the addition of two paragraphs and two counts in the proposed amended complaint attached to the second motion.  Accordingly, the first motion to amend the complaint is superseded by the second motion.  The first motion to amend the complaint (Docket No. 17) will therefore be denied as moot.

---

[3] Defendant identified only one of those cases in her motion for injunctive relief.  *See Lu v. Menino et al.*, 14-cv-13053-LTS (D. Mass. Jul. 18, 2014).

Defendant opposes the second motion to amend the complaint on the ground that amendment would be futile.

### A.     Standard of Review

Under Fed. R. Civ. P. 15(a)(2), leave to amend a complaint shall be "freely give[n] . . . when justice so requires." However, courts have discretion to deny leave to amend for several reasons, including "futility of amendment." *U.S. ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (finding that a motion for leave to amend should be denied when it is characterized by "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."). When considering an opposition to a motion to amend on the ground of futility, courts must apply the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Hatch v. Dep't for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001). Whether a proposed amended complaint would survive a motion to dismiss depends upon whether the pleading satisfies the "plausibility" standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and described above.

### B.     Analysis

The proposed amended complaint is substantially similar to the original complaint. It differs insofar as it adds four new defendants who are current or former employees of BPHC. Those individuals are Monica Lupi, the executive director; Timothy Harrington, the general counsel; P.J. McCann, the deputy general counsel; and Barbara Ferrer, the former executive director. The new defendants are named on the original count brought under 42 U.S.C. § 1983,

but the proposed amended complaint does not add any factual allegations concerning how those individuals were involved in the incident upon which that claim is based. Therefore, the proposed amended complaint does not cure the defects with that claim described above.

In addition to adding defendants to the existing claim, the proposed amended complaint adds two factual allegations concerning those defendants and two new counts.

First, it states that on May 22, 2017, Lu filed his first motion to amend the complaint, adding Lupi, Harrington, McCann, and Ferrer as defendants. Thereafter, Lupi, Harrington, McCann, and Niles "formed a pact and did exclude Lu from the shelter" by falsely claiming that the shelter was full. Insofar as that allegation pleads a claim for a civil rights conspiracy, the complaint "cannot survive a motion to dismiss if [it] contain[s] conclusory allegations of conspiracy." *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977); *see also Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 66–68 (1st Cir. 2004) (finding that there is "no heightened pleading standards for civil rights cases" but that "in considering motions to dismiss courts should continue to 'eschew any reliance on bald assertions [and] unsupportable conclusions'") (*Chongris v. Bd. of Appeals,* 811 F.2d 36, 37 (1st Cir. 1987)). Here, the allegation that Lupi, Harrington, McCann, and Niles formed a pact to exclude plaintiff from the shelter, standing on its own, is too conclusory to support a claim for a civil rights conspiracy. Therefore, amendment of the complaint to add that allegation would be futile.

Second, the proposed amended complaint states that "Harrington has known and collaborated with a shadowy person since 2013" and that Lupi, McCann, and Niles "are privy to and benefit from the outline of the person's high-tech snooping of Lu's surfing [the] internet." That fact apparently forms the basis of two new claims for wiretapping under 18 U.S.C. § 2511(1)(a), and Mass. Gen. Laws ch. 272, § 99(C)(1) pleaded against Lupi, Harrington,

McCann, and Niles.[4]  Those allegations are obviously too implausible and speculative to state a claim upon which relief can be granted and therefore amendment to add those claims would likewise be futile.

Accordingly, plaintiff's second motion to amend the complaint will be denied.

### IV. Conclusion

For the foregoing reasons, plaintiff's first motion to amend the complaint (Docket No. 17) and second motion to amend the complaint (Docket No. 21) are DENIED.

Defendant's motion for injunctive relief (Docket No. 24) is DENIED.

Defendant's motion for judgment on the pleadings (Docket No. 23) is GRANTED.

**So Ordered.**

|  |  |
|---|---|
| Dated: July 17, 2017 | /s/ F. Dennis Saylor<br>F. Dennis Saylor IV<br>United States District Judge |

---

[4] The proposed amended complaint alleges a count under Mass. Gen. Laws ch. 277, § 99(C)(1); however, that allegation apparently contains a typographical error as no such statutory provision exists.  The allegation is analyzed instead under Mass. Gen. Laws ch. 272, § 99(C)(1), which provides a range of punishments for any person who commits an "interception of any wire . . . communication."